**TONSING LAWFIRM**
Michael J. Tonsing, SBN 69476
353 Sacramento Street, Suite 1140
San Francisco, CA 94111-3657
Phone: (415) 986-1338, Ext 155
Fax: (415) 358-4839
mike@tonsinglawfirm.com
Attorneys for Plaintiff SW Logistics Inc.

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA, OAKLAND DIVISION

| | |
|---|---|
| SW LOGISTICS INC. a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>EVERMETAL INC., a New Jersey corporation doing business in California;  SD AND SONS, INC., a California corporation; and Doe Defendants 1 through 10,<br><br>Defendants. | **Case No.:**<br><br>**JURY TRIAL DEMANDED**<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. Breach of Maritime Contract;**<br><br>**2. Open Account;**<br><br>**3. Common Count-Services Performed; and,**<br><br>**4. Common Count -- Indebitatus Assumpsit** |

**COMPLAINT FOR DAMAGES**                                       1

Plaintiff SW Logistics Inc., a California corporation ("SW Logistics"), complains against Defendant Evermetal Inc., a corporation believed to be duly organized and existing under the laws of the State of New Jersey ("Evermetal"), and also against SD and Sons, Inc. ("SD and Sons"), a corporation duly organized and existing under the laws of the State of California; and, in support thereof, Plaintiff alleges as follows:

## JURISDICTION AND VENUE

1. The following causes of action are all admiralty and maritime claims within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure and they also fall within the admiralty jurisdiction of this Court under 28 U.S.C. section 1333. To the extent, if any, that one or more of them does not fall within the admiralty and maritime jurisdiction of this Court, they are cognizable here under the Court's supplemental jurisdiction, which extends to claims that are "so related to the (plaintiff's) claims . . . that they form part of the same case or controversy under Article III of the U.S. Constitution." (28 USC § 1367(a).) That is the case with respect to this matter.

2. Venue is proper in the Northern District of California because a substantial part of the events giving rise to the claim occurred in the Northern District of California, namely, SW Logistics' performance under a maritime contract explicitly set forth or implied in bills of lading it issued.

3. Plaintiff SW Logistics, is, and at all relevant times was a duly licensed business, with its principal location at 1330 Broadway, Suite 1052, Oakland, California, at which location it performed the business transactions and services for Defendant Evermetal that give rise to the obligations of both named Defendants as alleged below and which, in large part, are the subject of this lawsuit.

4. Plaintiff does not know the true names of defendants sued in this action as Does 1 through 10, inclusive, each of which is responsible for the events and matters referenced in this Complaint, and each of which caused or contributed to the damage set forth here. Accordingly, Plaintiff sues these defendants by fictitious names. Plaintiff will amend this Complaint to show the true names of such defendants when it ascertains them.

**TONSING LAWFIRM**
353 Sacramento Street, Suite 1140, San Francisco, CA 94111-4657

1 Plaintiff is informed and believes, and upon such information and belief alleges, that at all times mentioned in this Complaint, Evermetal, SD and Sons, and DOES 1 through 10, inclusive, and each of them (collectively, "Defendants"), were and have been agents, servants, employers, and/or employees of each of the other Defendants, and each of them, as such, were acting in the course and scope of their employment and/or agency at all times relevant to this action.

5. Plaintiff SW Logistics is informed and believes and on that basis alleges that Defendant Evermetal has, at all times relevant, had its principal place of business at 16700 Valley View Ave, La Mirada, Los Angeles County, California, and further alleges on information and belief that at all relevant times it was in the business of buying and selling scrap metal at the wholesale level.  Plaintiff and Defendant Evermetal had engaged in several somewhat similar transactions in the past, and each was reasonably familiar with the business practices and methods of the other before the transaction that is the focus of this lawsuit occurred.  All previous transactions had ended amicably, from Plaintiff's perspective. Defendant SD and Sons as, at all times relevant, had its principal place of business at 1484 East Valencia Drive in Fullerton, Orange County, California.

## GENERAL ALLEGATIONS

6. At all relevant times, SW Logistics was, and still is, a duly licensed freight forwarder of goods, primarily (but not exclusively) between the United States and foreign ports.  It was originally established in 1998. A freight forwarder like SW Logistics is an entity that holds itself out to the general public, both domestically and abroad, to provide transportation of the property of others for compensation.  In the ordinary course of its business a freight forwarder generally assembles and consolidates, or provides for assembling and consolidating, such shipments.  It assumes responsibility for the transportation of the property, usually described in one or more bills of lading, from the place of receipt to the place of destination.  It does not, itself, generally transport the property; it arranges for such transportation. (Freight forwarders that perform both freight forwarder services and motor carrier services must register with an agency of the United

States Department of Transportation as both.) The Federal agency that licenses freight forwarders is the Federal Maritime Commission ("FMC").

7. Within the two years last passed, Defendant Evermetal sought to ship 74 containers of cargo described as "scrap metal" from a location in Texas to an overseas location in Taiwan. Evermetal used the services of Plaintiff SW Logistics to accomplish that objective. Plaintiff issued 9 bills of lading. The primary means of shipment was an oceangoing vessel contracted for by SW Logistics and operated by American President Lines. Evermetal's entire shipment was diverted at its oral request (made after the vessel had departed from the United States) from Taiwan to Busan, Korea. It was thereupon abandoned by Evermetal.

9. During this time, on or about January 10, 2014, via email, while debts were still actively accruing, the Operations Manager of Evermetal directed SW Logistics to forward all future bills to him at SD and Sons, another Southern California corporation. Plaintiff is informed and believes and thereon alleges that at all relevant times SD and Sons was also in the business of buying and selling scrap metal at the wholesale level. On the basis of this email directive from an agent of Evermetal known to it, Plaintiff also sues SF and Sons for the full amount of the debt.

10. In connection with the aforesaid carriage of goods, Evermetal (and its apparent successor SD and Sons) agreed and otherwise became obligated to pay the accrued freight and related charges, listed in Paragraph 11, below, exclusive of interest and costs of collection. Despite oral and written demands by SW Logistics, Evermetal and SD and Sons have failed to pay the freight and ancillary charges (such as demurrage and the costs incurred for the destruction of the goods in the 74 containers, which goods had by then been rejected *in toto* as a qualifying candidate for entry by Korean customs officials) owed to SW Logistics in connection with this shipment, made under the 9 bills of lading listed below, and there is due and owing to SW Logistics, from Evermetal and/or SD and Sons, the amount of listed in the next Paragraph, in connection with the above-described shipment, exclusive of interest and costs of collection.

**COMPLAINT FOR DAMAGES**            4

11. In connection with the aforesaid carriage of goods, the following charges were made to the Evermetal account and Evermetal/SD and Sons was/were made aware of them as they accrued:

| | Bill of Lading Numbers | Number of 40-foot containers shipped | Freight + COD Fees (USD) | Disposal Fees (USD) | Demurrages (USD) – (After APL Gave 80% Discount) |
|---|---|---|---|---|---|
| 1 | APLU086101084 | 9 | 13,605.00 | 21,759.21 | 4,154.59 |
| 2 | APLU086090186 | 1 | 1,765.00 | 2,417.69 | 450.70 |
| 3 | APLU086072406 | 6 | 7,455.00 | 14,506.14 | 2,741.63 |
| 4 | APLU086081739 | 10 | 11,125.00 | 24,176.90 | 4,792.59 |
| 5 | APLU086072414 | 22 | 30,275.00 | 53,189.18 | 9,780.51 |
| 6 | APLU086105078 | 4 | 5,095.00 | 9,670.76 | 1,671.67 |
| 7 | APLU086096985 | 10 | 12,175.00 | 24,176.90 | 4,113.62 |
| 8 | APLU086096984 | 5 | 6,275.00 | 12,088.45 | 1,939.75 |
| 9 | APLU086102721 | 7 | 8,635.00 | 16,924.36 | 2,887.96 |
| **TOTALS** | | | **96,405.00** | **178,909.59** | **32,533.02** |

**TOTAL AMOUNT DUE: (USD)    307,847.61**

**COMPLAINT FOR DAMAGES**    5

## FIRST CAUSE OF ACTION

### (Breach of Maritime Contract)

12. SW Logistics refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 11 above.

13. Pursuant to the terms of the bills of lading entered into between the parties, Evermetal expressly agreed to pay the freight and ancillary charges due and owing on the aforementioned shipment.

14. SW Logistics performed all of its obligations under the bill of lading contract.

15. Evermetal materially breached the terms of the bill of lading contract entered into between the parties by failing to pay the freight charges and ancillary charges, as promised. And, to the extent it became liable for debts of Evermetal, the same would be true of SD and Sons.

16. As a direct and proximate cause of Evermetal and SD and Sons' breach of the bill of lading contract by failing to pay the charges owing, SW Logistics has suffered damages in the amount of listed in (excluding interest and costs of collection).

## SECOND CAUSE OF ACTION

### (Open Account)

17. SW Logistics refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 16 above.

18. Evermetal and/or SD and Sons owe SW Logistics the sum of $307,847.61 that is due, with interest and costs of collection, in accordance with the terms of SW Logistics' bill of lading contracts listed in Paragraph 11, above.

19. SW Logistics has made demand for payment upon these Defendants and they have acknowledged their awareness of Plaintiff's demand.

20. Both Defendants have refused to pay and continue to refuse to pay the outstanding sum due and owing.

## THIRD CAUSE OF ACTION

### (Common Count - Services Performed)

21. SW Logistics refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 20 above.

22. Evermetal and SD and Sons are indebted to SW Logistics for the amount of $6,900, for the services SW Logistics performed at Evermetal's request.

23. Neither Defendant has paid it anything, therefore, SW Logistics is entitled to recover $307,847.61, excluding interest and costs of collection, for services performed.

## FOURTH CAUSE OF ACTION

### (Common Count -- Indebitatus Assumpsit)

24. SW Logistics refers to, and by that reference incorporates as if fully set forth herein, each and every allegation set forth in paragraphs 1 through 23 above.

25. In the course this particular business relationship between the parties, to the time of the filing of this lawsuit and continuing day to day, Defendants became indebted to Plaintiff in the sum of $307,847.61 for services performed for the benefit of Evermetal, which sum remains due and owing to Plaintiff.

26. As a direct and proximate result of the failure of Defendants to pay the sum owed, Plaintiff has incurred damages of not less than $307,847.61, plus miscellaneous expenses, interest, and costs, no part of which has been paid by Defendants, despite demand by Plaintiff.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff SW Logistics prays as follows, that:

1. The Court enter judgment against Evermetal and SD and Sons in SW Logistics' favor for the full amount of SW Logistics' claim;

2. The Court award SW Logistics prejudgment interest against Evermetal and SD and Sons for all sums owed at the legal rate, as provided by law, according to proof at trial;

3. The Court award SW Logistics its costs of suit, attorney's fees, and other costs of collection as allowed pursuant to law and relevant contracts; and,

4. The Court award SW Logistics such other and further relief as the Court may deem proper.

Dated: July 13, 2014

TONSING LAWFIRM

By: _____/S/_____
Michael J. Tonsing, Esq.
Attorneys for Plaintiff SW Logistics, Inc.
Sacramento Street, Suite 1140
San Francisco, CA 94111-3657
Phone: (415) 986-1338, Ext 155
Fax: (415) 358-4839
mike@tonsinglawfirm.com